UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAMIRO LEMUS MAGANA, | ) | 1:10-CV-00379 LJO GSA HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION |
| | ) | |
| v. | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT AND CLOSE CASE |
| | ) | |
| MATTHEW CATE, Secretary, | ) | ORDER DECLINING ISSUANCE OF |
| | ) | CERTIFICATE OF APPEALABILITY |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 4, 2010, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner challenges his 2009 convictions in Kings County Superior Court of possession of methamphetamine for sale and possession of marijuana for sale. He presents the following five (5) claims for relief: 1) He contends his convictions violate the double jeopardy clause of the Fifth Amendment to the Constitution; 2) He argues the California double jeopardy protection under Cal. Penal Code § 654 is impermissibly vague; 3) He claims the case should be remanded for resentencing because the trial court abused its discretion in imposing a consecutive sentence on the second count; 4) He argues count II should be stayed pursuant to Cal. Penal Code § 654; and 5) He contends he received ineffective assistance of appellate counsel due to counsel's failure to challenge the search and seizure on appeal.

Following a preliminary review of the petition, on March 26, 2010, the Magistrate Judge

issued an order directing Petitioner to show cause why the petition should not be dismissed for failure to exhaust state remedies. He was granted thirty (30) days to comply and forewarned that failure to do so would result in dismissal of his petition. Over thirty days have passed and he has not complied. Accordingly, the petition will be dismissed.

*Certificate of Appealability*

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
>  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

1    In the present case, the Court finds that reasonable jurists would not find the Court's
2 determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or
3 deserving of encouragement to proceed further.  Petitioner has not made the required substantial
4 showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a
5 certificate of appealability.

6    Accordingly, IT IS HEREBY ORDERED that:

7    1. The petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE;

8    2. The Clerk of the Court is DIRECTED to enter judgment and close the case; and

9    3. The Court DECLINES to issue a certificate of appealability.

10 IT IS SO ORDERED.

11 **Dated:     May 4, 2010**              /s/ Lawrence J. O'Neill
                                   UNITED STATES DISTRICT JUDGE